IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENTINO PEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | NO. 02-4045 |

REPORT AND RECOMMENDATION

DIANE M. WELSH                                                                                  August 7, 2002
UNITED STATES MAGISTRATE JUDGE

    Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by Florentino Perez pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), which is located in Luzerne County, Pennsylvania. See Hab. Pet. at 1. For the reasons which follow, the petition should be transferred to the United States District Court for the Middle District of Pennsylvania.

**DISCUSSION**

    Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and

determination.

Thus, a habeas petition may be filed in either the district court for the district where the petitioner is in custody or in the district court for the district in which he was convicted and sentenced, and a district court may transfer a petition to the other district court with jurisdiction, in the exercise of its discretion and in furtherance of justice. See Gellock v. Freeman, 1987 WL 7208, at *1 (E.D. Pa. Feb. 27, 1987).

In the present case, petitioner and his custodian are located in the Middle District of Pennsylvania.[1] Although it appears that petitioner may have been convicted by a state court within this district,[2] the present habeas petition does not challenge the lawfulness of those underlying convictions. See Hab. Pet. at 2. Instead, petitioner appears to challenge subsequent actions of the Pennsylvania Board of Probation and Parole. Id.

Under the circumstances in the present case, it would be more practical and equitable to transfer petitioner's application to the Middle District of Pennsylvania since that is where petitioner and his custodian are located. See Gellock, 1987 WL 7208, at *1 (transferring §

---

1. SCI-Dallas, where petitioner is incarcerated, is located in Dallas Township in Luzerne County, Pennsylvania which lies within the venue of the Middle District of Pennsylvania. See 28 U.S.C. § 118(b); see also Tirado v. Stepanik, 1997 WL 337141, at *2 (E.D. Pa. May 27, 1997) (transferring civil rights case to the Middle District of Pennsylvania since defendants worked at SCI-Dallas which is located in the Middle District); Georgia v. Van Auken, 1992 WL 172679, at *1 (E.D. Pa. July 10, 1992) (same).

2. Petitioner has violated Local Rule of Civil Procedure 9.3(a) by failing to file his habeas petition on the form provided by the Court, and petitioner has thus failed to provide the Court with all "information called for by such forms." See Local R. Civ. P. 9.3(a). In any event, it appears from one of the documents attached to the petition that petitioner was convicted of Third Degree Murder and Possession of an Instrument of Crime in the Court of Common Pleas of Philadelphia County and was sentenced on January 11, 1990 to ten to twenty (10-20) years for the murder conviction and one to two (1-2) years for the weapons offense, to be served consecutively. See Sentence Status Summary.

2254 petition to district where petitioner and custodian were located); Yacoubian v. Petsock, 1986 WL 2564, at *1 (E.D. Pa. Feb. 25, 1986) (same).  Among other things, the inconvenience of transferring petitioner from Luzerne County to Philadelphia for any hearings makes the Middle District a more appropriate forum.  See Gellock, 1987 WL 7208, at *1; Yacoubian, 1986 WL 2564, at *1.  Accordingly, this petition should be transferred, in the interest of justice, to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 2241(d).  See Gellock, 1987 WL 7208, at *1; Yacoubian, 1986 WL 2564, at *1.

      My Recommendation follows.

R E C O M M E N D A T I O N

      AND NOW, this           day of August, 2002, for the reasons given in the accompanying Report, I RECOMMEND that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania.

 

_____
DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENTINO PEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | NO. 02-4045 |

## O R D E R

AND NOW, this            day of                              , 2002, upon consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Diane M. Welsh, it is hereby ORDERED that:

      1. The Report and Recommendation is APPROVED and ADOPTED;

      2. The case is TRANSFERRED to the United States District Court for the Middle District of Pennsylvania.

BY THE COURT:

_____
LEGROME D. DAVIS, J.